# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-389V
(Filed: March 17, 2015)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| ELIZABETH JOHNSON, | * | UNPUBLISHED, |
| | * | Special Master Dorsey |
| Petitioner, | * | |
| | * | |
| v. | * | Decision on Proffer; Damages; |
| | * | Tetanus Diphtheria (Td) Vaccine; |
| SECRETARY OF HEALTH | * | Long Thoracic Nerve Palsy; Table |
| AND HUMAN SERVICES, | * | Injury; Brachial Neuritis. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

Ronald Craig Homer, Conway, Homer & Chin-Caplan, PC, Boston, MA, for petitioner.
Claudi Barnes Gangi, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On July 11, 2013, Elizabeth Johnson ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program,[2] 42 U.S.C. §§ 300aa-1 to -34 (2006), for injuries allegedly suffered as a result of a tetanus diphtheria ("Td") vaccination administered to her on July 7, 2010. Petition at 1. Petitioner alleged that as a result of receiving the Td vaccine, she suffers from long thoracic nerve palsy. Id.

On November 20, 2013, respondent filed the Rule 4(c) report recommending that

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

compensation be awarded to petitioner. Respondent concluded that petitioner suffered a Table brachial neuritis and stated that there was not a preponderance of the evidence that the brachial neuritis was due to factors unrelated to the vaccination. See Respondent's Rule 4 report at 4. A damages Order was issued on November 21, 2013.

On March 16, 2015, respondent filed a Proffer on Award of Compensation ("Proffer"). Respondent proffers that based upon her review of the evidence of record, petitioner should be awarded the following items of compensation: (1) Life Care Plan: respondent proffers that petitioner be awarded all items set forth in the life care plan illustrated by the chart attached to the Proffer at Tabs A and B; (2) Lost Future Earnings: the parties agree that petitioner will be able to engage in gainful employment and that petitioner is not entitled to future lost earnings; (3) Pain and Suffering: respondent proffers that petitioner should be awarded $145,000.00, in actual and projected pain and suffering, (4) Past Unreimbursable Expenses: respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $6,559.10, and (5) Medicaid Lien: petitioner represents that there are no outstanding Medicaid liens related to her vaccine-related injury. Petitioner agrees with the proffered award for each item of compensation.

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer. Pursuant to the terms stated in the attached Proffer, the undersigned awards the following:

A. **A lump sum payment of $162,850.10, in the form of a check payable to petitioner** representing life care expenses for Year 1 ($11,291.00), past un-reimbursed expenses ($6,559.10), and pain and suffering ($145,000.00), and

B. An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer and the attachments to that Proffer.

Proffer ¶ II.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

                                                        s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF THE SPECIAL MASTERS

_____
                                       )
ELIZABETH JOHNSON,        )
                                       )
        Petitioner,      )
                                       )      No. 13-389V
v.                                   )      Special Master Moran
                                       )      ECF
SECRETARY OF HEALTH AND   )
HUMAN SERVICES              )
                                       )
        Respondent,     )
_____ )

## **RESPONDENT'S PROFFER ON DAMAGES**

Respondent submits the following recommendations regarding items of compensation to be awarded to petitioner under the Vaccine Act.

**I.**    **Items of Compensation**

    A.    Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Maureen Clancy, RN, BSN, CLCP, to provide an estimation of Elizabeth Johnson's future vaccine-injury related needs. All items identified in the agreed life care plan dated February 4, 2015, are supported by the evidence and are illustrated by the chart entitled Tab A: Summary of Life Care Items.[1] Respondent proffers Elizabeth Johnson ("petitioner") should be awarded all items of compensation that are set forth in the agreed life care plan and illustrated by the chart attached as Tab A. Petitioner agrees. Respondent further proffers that the appropriate growth rate for life care items of compensation should be four percent (4.0%) for

---

[1] The chart at Tab A illustrates the annual benefits as contained in the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment and every year thereafter up to the anniversary of the date of judgment.

non-medical items and six percent (6.0%) for medical items, compounded annually from the date of judgment, as set forth in Tab B: Annuity Funding Portfolio. Petitioner agrees.

  B. <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Elizabeth Johnson will be able to engage in gainful employment. Therefore, respondent proffers that Elizabeth Johnson is not entitled to receive future lost earnings compensation provided for under the Vaccine Act, 42 U.S.C. §300aa-15(a)(3)(A). Petitioner agrees.

  C. <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $145,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. <u>See</u> 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

  D. <u>Past Unreimbursed Expenses</u>

Evidence supplied by petitioner documents her expenditure of past un-reimbursable expenses related to her vaccine-related injury. Respondent proffers that the petitioner is entitled to past un-reimbursed expenses in the amount of $6,559.10. Petitioner agrees.

  E. <u>Medicaid Lien</u>

Petitioner represents that there are no outstanding Medicaid liens related to her vaccine-related injury.

  F. <u>Attorney's Fees and Costs</u>

This proffer does not address final attorneys' fees and costs. Petitioner is entitled to reasonable attorneys' fees and costs, to be determined at a later date upon petitioner filing substantiating documentation.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner for her future medical care needs should be made through a combination of a one-time cash payment and future annuity payments as described below, and request that the special master's decision and the Court's judgment reflect the following items of compensation.[2]

Respondent proffers and petitioner agrees that an award of compensation include the following elements:

A. A lump sum payment of $162,850.10, representing life care expenses for Year 1 ($11,291.00), past un-reimbursed expenses ($6,559.10), and pain and suffering ($145,000.00), in the form of a check payable to petitioner.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, and paid to the life insurance company[4] from

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent payments shall be provided through respondent's purchase of an annuity, which annuity will make payments directly to the petitioner only so long as he is alive at the time a particular payment is due. The "annual amounts" set forth in Tab B describe the total year sum to be paid and do not require that the payment be made in one single payment.

The parties agree that petitioner is a competent adult and that no guardians/conservators of her estate will be required.

    1.    <u>Growth Rates</u>

The benefits illustrated in the chart at Tab B that are to be paid through annuity payments should grow as follows: four percent (4.0%) for all non-medical items, and six percent (6.0%) for all medical items, compounded annually from the date of judgment. Petitioner agrees.

    2.    <u>Life-contingent Annuity</u>

Petitioner will continue to receive the annuity payments for future medical care from the Life Insurance Company only so long as she is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be made within twenty (20) days of petitioner's death.

    **III.**    **Summary of Recommended Payments Following Judgment**

        A.    Lump Sum paid to Petitioner:    **$162,850.10**

        B.    An amount sufficient to purchase the annuity contract described above in section II. B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No.09-15-0056.

        Respectfully submitted,

        BENJAMIN C. MIZER
        Acting Assistant Attorney General

        RUPA BHATTACHARYYA
        Director
        Torts Branch, Civil Division

        VINCENT J. MATANOSKI
        Deputy Director
        Torts Branch, Civil Division

        LINDA S. RENZI
        Senior Trial Counsel
        Torts Branch, Civil Division


        /s/ Claudia B. Gangi
        CLAUDIA B. GANGI
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel.:  (202) 616-4138


Dated:   March16, 2015

PET:  Elizabeth Johnson  
D.O.B.   06/29/1983

TAB A

DATE:   02/27/15  
TIME:   03:55 PM

SUMMARY OF LIFE CARE ITEMS - AGREED LIFE CARE PLAN dated 2/04/2015

| ITEM OF CARE | | Insurance | Medical Care | Ancillary Services | Medical Equipment | Medications | Supplies | Home Services | Transportation | TOTALS of Items with a 6.0% Growth Rate | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 4.0 and 6.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GROWTH RATE | | 6.0% | 6.0% | 6.0% | 6.0% | 6.0% | 4.0% | 4.0% | 4.0% | | | |
| AGE | YEAR | | | | | | | | | | | |
| 32 | 2015 | 1,250.00 | 218.30 | 1,159.00 | 1,053.68 | 57.15 | 561.33 | 4,341.00 | 471.07 | 3,738.13 | 5,373 | 9,112 |
| 33 | 2016 | 1,250.00 | 192.40 | 1,056.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 179.20 | 3,239.45 | 4,677 | 8,298 |
| 34 | 2017 | 1,250.00 | 212.40 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 173.14 | 3,079.45 | 4,671 | 8,512 |
| 35 | 2018 | 1,250.00 | 162.40 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 173.14 | 3,029.45 | 4,671 | 8,862 |
| 36 | 2019 | 1,250.00 | 182.40 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 3,049.45 | 4,669 | 9,312 |
| 37 | 2020 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 9,196 |
| 38 | 2021 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 9,634 |
| 39 | 2022 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 10,094 |
| 40 | 2023 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 10,577 |
| 41 | 2024 | 0.00 | 6,510.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 8,127.25 | 4,669 | 20,376 |
| 42 | 2025 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 11,616 |
| 43 | 2026 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 12,175 |
| 44 | 2027 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 12,762 |
| 45 | 2028 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 13,378 |
| 46 | 2029 | 0.00 | 1,010.20 | 876.00 | 893.75 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,837.10 | 4,669 | 14,499 |
| 47 | 2030 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 14,705 |
| 48 | 2031 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 15,419 |
| 49 | 2032 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 16,169 |
| 50 | 2033 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 16,957 |
| 51 | 2034 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 17,786 |
| 52 | 2035 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 18,656 |
| 53 | 2036 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 19,571 |
| 54 | 2037 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 20,532 |
| 55 | 2038 | 0.00 | 1,010.20 | 876.00 | 683.90 | 57.15 | 156.62 | 4,341.00 | 171.31 | 2,627.25 | 4,669 | 21,543 |
| 56 | 2039 | 0.00 | 1,010.20 | 876.00 | 683.90 | 114.30 | 156.62 | 4,341.00 | 171.31 | 2,684.39 | 4,669 | 22,837 |
| 57 | 2040 | 0.00 | 1,010.20 | 876.00 | 683.90 | 114.30 | 156.62 | 4,341.00 | 171.31 | 2,684.39 | 4,669 | 23,968 |
| 58 | 2041 | 0.00 | 1,010.20 | 876.00 | 683.90 | 114.30 | 156.62 | 4,341.00 | 171.31 | 2,684.39 | 4,669 | 25,157 |
| 59 | 2042 | 0.00 | 1,010.20 | 876.00 | 683.90 | 114.30 | 156.62 | 4,341.00 | 171.31 | 2,684.39 | 4,669 | 26,407 |
| 60 | 2043 | 0.00 | 1,010.20 | 876.00 | 683.90 | 114.30 | 156.62 | 4,341.00 | 171.31 | 2,684.39 | 4,669 | 27,722 |
| 61 | 2044 | 0.00 | 1,010.20 | 876.00 | 683.90 | 114.30 | 156.62 | 4,341.00 | 171.31 | 2,684.39 | 4,669 | 29,106 |
| 62 | 2045 | 0.00 | 1,010.20 | 876.00 | 683.90 | 114.30 | 156.62 | 4,341.00 | 171.31 | 2,684.39 | 4,669 | 30,561 |
| 63 | 2046 | 0.00 | 1,010.20 | 876.00 | 683.90 | 114.30 | 156.62 | 4,341.00 | 171.31 | 2,684.39 | 4,669 | 32,092 |
| 64 | 2047 | 0.00 | 1,010.20 | 876.00 | 683.90 | 114.30 | 156.62 | 4,341.00 | 171.31 | 2,684.39 | 4,669 | 33,702 |
| 65 | 2048 | 0.00 | 202.04 | 842.40 | 952.67 | 114.30 | 142.63 | 6,811.00 | 171.31 | 2,111.40 | 7,125 | 40,438 |
| 66 | 2049 | 0.00 | 202.04 | 842.40 | 722.29 | 114.30 | 42.63 | 6,811.00 | 171.31 | 1,881.03 | 7,025 | 40,294 |

PAGE 1

PET: Elizabeth Johnson  
D.O.B. 06/29/1983

TAB A

DATE: 02/27/15  
TIME: 03:55 PM

**SUMMARY OF LIFE CARE ITEMS - AGREED LIFE CARE PLAN dated 2/04/2015**

| ITEM OF CARE | Insurance | Medical Care | Ancillary Services | Medical Equipment | Medications | Supplies | Home Services | Transportation | TOTALS of Items with a 6.0% Growth Rate | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 4.0 and 6.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GROWTH RATE | 6.0% | 6.0% | 6.0% | 6.0% | 6.0% | 4.0% | 4.0% | 4.0% | | | |
| AGE   YEAR | | | | | | | | | | | |
| 67   2050 | 0.00 | 202.04 | 842.40 | 722.29 | 114.30 | 42.63 | 6,811.00 | 171.31 | 1,881.03 | 7,025 | 42,179 |
| 68   2051 | 0.00 | 202.04 | 842.40 | 722.29 | 114.30 | 42.63 | 6,811.00 | 171.31 | 1,881.03 | 7,025 | 44,155 |
| 69   2052 | 0.00 | 202.04 | 842.40 | 722.29 | 114.30 | 42.63 | 6,811.00 | 171.31 | 1,881.03 | 7,025 | 46,228 |
| 70   2053 | 0.00 | 202.04 | 598.40 | 722.29 | 114.30 | 42.63 | 6,811.00 | 171.31 | 1,637.03 | 7,025 | 46,168 |
| 71   2054 | 0.00 | 202.04 | 448.40 | 722.29 | 114.30 | 34.99 | 11,765.00 | 138.44 | 1,487.03 | 11,938 | 69,542 |
| 72   2055 | 0.00 | 202.04 | 448.40 | 722.29 | 114.30 | 34.99 | 11,765.00 | 138.44 | 1,487.03 | 11,938 | 72,612 |
| 73   2056 | 0.00 | 202.04 | 448.40 | 722.29 | 114.30 | 34.99 | 11,765.00 | 138.44 | 1,487.03 | 11,938 | 75,822 |
| 74   2057 | 0.00 | 202.04 | 448.40 | 722.29 | 114.30 | 34.99 | 11,765.00 | 138.44 | 1,487.03 | 11,938 | 79,179 |
| 75   2058 | 0.00 | 202.04 | 448.40 | 722.29 | 114.30 | 34.99 | 11,765.00 | 138.44 | 1,487.03 | 11,938 | 82,690 |
| 76   2059 | 0.00 | 202.04 | 448.40 | 722.29 | 114.30 | 34.99 | 11,765.00 | 138.44 | 1,487.03 | 11,938 | 86,362 |
| 77   2060 | 0.00 | 202.04 | 448.40 | 722.29 | 114.30 | 34.99 | 11,765.00 | 138.44 | 1,487.03 | 11,938 | 90,203 |
| 78   2061 | 0.00 | 202.04 | 448.40 | 722.29 | 114.30 | 34.99 | 11,765.00 | 138.44 | 1,487.03 | 11,938 | 94,220 |
| 79   2062 | 0.00 | 202.04 | 448.40 | 722.29 | 114.30 | 34.99 | 11,765.00 | 138.44 | 1,487.03 | 11,938 | 98,423 |
| 80   2063 | 0.00 | 202.04 | 448.40 | 722.29 | 114.30 | 34.99 | 11,765.00 | 138.44 | 1,487.03 | 11,938 | 102,820 |
| 81   2064 | 0.00 | 202.04 | 448.40 | 722.29 | 114.30 | 34.99 | 11,765.00 | 138.44 | 1,487.03 | 11,938 | 107,420 |
| | 6,250.00 | 38,188.18 | 39,113.80 | 35,657.64 | 4,343.25 | 6,313.67 | 313,534.00 | 8,515.14 | 123,552.87 | 328,362.82 | 1,800,049.49 |
| | 1.38% | 8.45% | 8.66% | 7.89% | 0.96% | 1.40% | 69.38% | 1.88% | | | 100.00% |

*This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990*

**Johnson AGREED LC Plan Rev3  02 26 15.xls**

# ANNUITY FUNDING PORTFOLIO

### AGREED LIFE CARE PLAN dated 02/04/2015

### 4.0 and 6.0% GROWTH RATES

DATE: 02/27/15
TIME: 03:55 PM

Case No: 13-389V
PET: Elizabeth Johnson
D.O.B. 06/29/1983

| | | Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 | Column 8 | Column 9 | Column 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Settlement Item** | | TOTAL | ANNUAL | CASH & | ANNUITY | ANNUITY | ANNUITY | ANNUITY | ANNUITY | ANNUAL | CUMULATIVE |
| **Starting Amount** | | MEDICAL | STRUCTURED | ANNUITY | 1,576 | 1,209 | 4,856 | 3,391 | 33,560 | SAFETY | SAFETY |
| **Inflation Factor** | | CARE NEEDS | SETTLEMENT | LUMP | 6.00% | 6.00% | 4.00% | 4.00% | 4.00% | MARGIN | MARGIN |
| **Beginning Year** | | 2015 | BENEFITS | SUMS | 2016 | 2016 | 2016 | 2048 | 2054 | 2015 | 2015 |
| **Ending Year** | | 2064 | | | LIFE | 2053 | LIFE | 2052 | LIFE | 2064 | 2064 |
| | | TOTAL | S/S | Cash & | Deferred | Deferred | Deferred | Deferred | Deferred | Safety | Cum.Safety |
| AGE | YEAR | NEEDS | TOTAL | Lump Sums | Annuity | Annuity | Annuity | Annuity | Annuity | Margin | Margin |
| 32 | 2015 | 9,112 | 11,291 | 11,291 | | | | | | 2,179 | 2,179 |
| 33 | 2016 | 8,298 | 7,641 | | 1,576 | 1,209 | 4,856 | | | -657 | 1,523 |
| 34 | 2017 | 8,512 | 8,002 | | 1,671 | 1,282 | 5,050 | | | -510 | 1,013 |
| 35 | 2018 | 8,862 | 8,381 | | 1,771 | 1,358 | 5,252 | | | -481 | 533 |
| 36 | 2019 | 9,312 | 8,779 | | 1,877 | 1,440 | 5,462 | | | -533 | 0 |
| 37 | 2020 | 9,196 | 9,197 | | 1,990 | 1,526 | 5,681 | | | 1 | 1 |
| 38 | 2021 | 9,634 | 9,635 | | 2,109 | 1,618 | 5,908 | | | 1 | 1 |
| 39 | 2022 | 10,094 | 10,095 | | 2,236 | 1,715 | 6,144 | | | 1 | 2 |
| 40 | 2023 | 10,577 | 10,578 | | 2,370 | 1,818 | 6,390 | | | 1 | 2 |
| 41 | 2024 | 20,376 | 20,845 | 9,760 | 2,512 | 1,927 | 6,646 | | | 468 | 471 |
| 42 | 2025 | 11,616 | 11,617 | | 2,663 | 2,043 | 6,912 | | | 1 | 471 |
| 43 | 2026 | 12,175 | 12,176 | | 2,822 | 2,165 | 7,188 | | | 1 | 472 |
| 44 | 2027 | 12,762 | 12,762 | | 2,992 | 2,295 | 7,476 | | | 1 | 473 |
| 45 | 2028 | 13,378 | 13,379 | | 3,171 | 2,433 | 7,775 | | | 1 | 474 |
| 46 | 2029 | 14,499 | 14,026 | | 3,361 | 2,579 | 8,086 | | | -474 | 0 |
| 47 | 2030 | 14,705 | 14,706 | | 3,563 | 2,733 | 8,409 | | | 1 | 1 |
| 48 | 2031 | 15,419 | 15,420 | | 3,777 | 2,897 | 8,745 | | | 1 | 2 |
| 49 | 2032 | 16,169 | 16,170 | | 4,004 | 3,071 | 9,095 | | | 1 | 3 |
| 50 | 2033 | 16,957 | 16,958 | | 4,244 | 3,256 | 9,459 | | | 1 | 3 |
| 51 | 2034 | 17,786 | 17,787 | | 4,498 | 3,451 | 9,837 | | | 1 | 4 |
| 52 | 2035 | 18,656 | 18,657 | | 4,768 | 3,658 | 10,231 | | | 1 | 6 |
| 53 | 2036 | 19,571 | 19,572 | | 5,054 | 3,877 | 10,640 | | | 1 | 7 |
| 54 | 2037 | 20,532 | 20,533 | | 5,358 | 4,110 | 11,066 | | | 1 | 8 |
| 55 | 2038 | 21,543 | 21,544 | | 5,679 | 4,357 | 11,508 | | | 1 | 9 |
| 56 | 2039 | 22,837 | 27,282 | 4,675 | 6,020 | 4,618 | 11,969 | | | 4,445 | 4,454 |
| 57 | 2040 | 23,968 | 23,724 | | 6,381 | 4,895 | 12,447 | | | -244 | 4,210 |
| 58 | 2041 | 25,157 | 24,898 | | 6,764 | 5,189 | 12,945 | | | -259 | 3,951 |
| 59 | 2042 | 26,407 | 26,133 | | 7,170 | 5,500 | 13,463 | | | -274 | 3,677 |
| 60 | 2043 | 27,722 | 27,432 | | 7,600 | 5,830 | 14,002 | | | -291 | 3,386 |
| 61 | 2044 | 29,106 | 28,798 | | 8,056 | 6,180 | 14,562 | | | -308 | 3,078 |

# ANNUITY FUNDING PORTFOLIO

### AGREED LIFE CARE PLAN dated 02/04/2015

### 4.0 and 6.0% GROWTH RATES

DATE:   02/27/15
TIME:   03:55 PM

Case No: 13-389V
PET: Elizabeth Johnson
D.O.B. 06/29/1983

| | | Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 | Column 8 | Column 9 | Column 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Settlement Item** | | **TOTAL** | **ANNUAL** | **CASH &** | **ANNUITY** | **ANNUITY** | **ANNUITY** | **ANNUITY** | **ANNUITY** | **ANNUAL** | **CUMULATIVE** |
| **Starting Amount** | | **MEDICAL** | **STRUCTURED** | **ANNUITY** | **1,576** | **1,209** | **4,856** | **3,391** | **33,560** | **SAFETY** | **SAFETY** |
| **Inflation Factor** | | **CARE NEEDS** | **SETTLEMENT** | **LUMP** | **6.00%** | **6.00%** | **4.00%** | **4.00%** | **4.00%** | **MARGIN** | **MARGIN** |
| **Beginning Year** | | **2015** | **BENEFITS** | **SUMS** | **2016** | **2016** | **2016** | **2048** | **2054** | **2015** | **2015** |
| **Ending Year** | | **2064** | | | **LIFE** | **2053** | **LIFE** | **2052** | **LIFE** | **2064** | **2064** |
| | | TOTAL | S/S | Cash & | Deferred | Deferred | Deferred | Deferred | Deferred | Safety | Cum.Safety |
| AGE | YEAR | NEEDS | TOTAL | Lump Sums | Annuity | Annuity | Annuity | Annuity | Annuity | Margin | Margin |
| 62 | 2045 | 30,561 | 30,234 | | 8,539 | 6,551 | 15,144 | | | -327 | 2,752 |
| 63 | 2046 | 32,092 | 31,746 | | 9,052 | 6,944 | 15,750 | | | -346 | 2,406 |
| 64 | 2047 | 33,702 | 33,335 | | 9,595 | 7,361 | 16,380 | | | -367 | 2,039 |
| 65 | 2048 | 40,438 | 38,399 | | 10,171 | 7,802 | 17,035 | 3,391 | | -2,039 | 0 |
| 66 | 2049 | 40,294 | 40,294 | | 10,781 | 8,270 | 17,717 | 3,527 | | 0 | 0 |
| 67 | 2050 | 42,179 | 42,287 | | 11,428 | 8,766 | 18,425 | 3,668 | | 108 | 108 |
| 68 | 2051 | 44,155 | 44,382 | | 12,113 | 9,292 | 19,162 | 3,814 | | 227 | 335 |
| 69 | 2052 | 46,228 | 46,586 | | 12,840 | 9,850 | 19,929 | 3,967 | | 358 | 693 |
| 70 | 2053 | 46,168 | 45,475 | 698 | 13,610 | 10,441 | 20,726 | | | -693 | 0 |
| 71 | 2054 | 69,542 | 69,542 | | 14,427 | | 21,555 | | 33,560 | 0 | 1 |
| 72 | 2055 | 72,612 | 72,612 | | 15,293 | | 22,417 | | 34,902 | 0 | 1 |
| 73 | 2056 | 75,822 | 75,823 | | 16,210 | | 23,314 | | 36,298 | 0 | 1 |
| 74 | 2057 | 79,179 | 79,180 | | 17,183 | | 24,246 | | 37,750 | 0 | 2 |
| 75 | 2058 | 82,690 | 82,690 | | 18,214 | | 25,216 | | 39,260 | 0 | 2 |
| 76 | 2059 | 86,362 | 86,362 | | 19,307 | | 26,225 | | 40,831 | 0 | 2 |
| 77 | 2060 | 90,203 | 90,203 | | 20,465 | | 27,274 | | 42,464 | 0 | 2 |
| 78 | 2061 | 94,220 | 94,220 | | 21,693 | | 28,365 | | 44,163 | 0 | 3 |
| 79 | 2062 | 98,423 | 98,423 | | 22,995 | | 29,499 | | 45,929 | 0 | 3 |
| 80 | 2063 | 102,820 | 102,820 | | 24,374 | | 30,679 | | 47,766 | 0 | 3 |
| 81 | 2064 | 107,420 | 107,420 | | 25,837 | | 31,906 | | 49,677 | 0 | 2 |
| ITEMIZED TOTALS | | 1,800,049 | 1,800,052 | 26,424 | 430,182 | 164,308 | 708,169 | 18,367 | 452,602 | 2 | 2 |

*This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990*    Johnson AGREED LC Plan Rev3  02 26 15.xls